## Emergency Purchases by State Institutions

Arnold, Deputy Attorney General, February 2, 1934.—You have asked us to advise you as to the extent of the authority of State institutions to make direct emergency purchases of supplies under The Administrative Code of 1929. The exact nature of your question can best be illustrated by describing a particular transaction to which you have called our attention.

A State institution purchased direct from a dealer four boxes of Ivory soap at the rate of $5 per box, each box containing 100 small size cakes. The Department of Property and Supplies has an effective supply contract for floating white toilet soap in cases of 100 cakes at a price of slightly over 5 cents per pound. Under this contract the same quantity of soap could be purchased for $2.15 a box.

The excuse given by the State institution for not purchasing through the Department of Property and Supplies is that that department does not have an effective contract for the particular brand of soap purchased, namely Ivory soap.

Your question is whether you may properly approve for payment the requisition for the purchase of this soap.

Section 507 of The Administrative Code of April 9, 1929, P. L. 177, as amended by the Act of June 1, 1931, P. L. 350, requires every administrative department, independent board or commission, departmental administrative body, board or commission, advisory board or commission to purchase supplies through the Department of Property and Supplies except in certain specified circumstances. Departments, boards and commissions having charge of State institutions are authorized to purchase perishable foodstuffs and fuel directly; they may also purchase other supplies directly if they can obtain them, after competitive bidding, for an amount equal to or less than the price for which they can be furnished by the Department of Property and Supplies. However, all goods so purchased must conform to the specifications contained in the effective supply contracts of the Department of Property and Supplies or to the standard specifications of that department, unless express permission for a departure is obtained.

The following additional exception to the general purchasing requirements, which appears in the same section of the code, permits:

"Any department, board, or commission, which shall have been authorized in writing by the Department of Property and Supplies to make purchases in the field, not exceeding a specified amount, but records of all such purchases shall be transmitted periodically to the Department of Property and Supplies in such form as it may require."

The purpose of the provision just quoted was to permit institutions to make purchases in the field in emergency cases where it would be impossible to obtain the goods through the Department of Property and Supplies in time, and also to allow isolated purchases of minor items which are needed in very small quantities. For the sake of convenience, we shall refer to such purchases as emergency purchases.

We are informed that the Department of Property and Supplies has authorized the institution in question to make purchases under this clause amounting to $50 or less per purchase. The purchase of Ivory soap in this case was made by the institution under that permission.

In our opinion, the provision for emergency purchases which we have quoted does not limit expenditures thereunder to items which are on the effective supply contracts of the Department of Property and Supplies or on the general supply schedules. Such a limitation would defeat the purpose of the exception to the general rule. If the institution, in making a small emergency purchase, were obliged to buy under the supply contracts, there would be no point in purchasing in any way other than through the Department of Property and Supplies. For example, even if Ivory soap itself were on the effective supply contract of the Department of Property and Supplies, we consider that an institu-

tion, under its emergency buying power, might properly purchase a few cakes or even a case of Ivory soap from a local store if there was a justifiable reason why the soap was needed before it could be obtained through the Department of Property and Supplies. And this would be so even if the price paid was somewhat higher than the price fixed by the supply contracts.

However, no such purchase should be made in wholesale quantities or in amounts larger than necessary to meet an immediate and urgent need. The purchase of Ivory soap which you have reported to us would seem to be within the letter of the law. However, it is quite apparent that it was clear abuse of the discretion placed in the officers of the institution. We do not believe that a purchase of such an amount of soap could be justified on any emergency basis. Nor is it the least excuse for attempting to exercise the emergency purchasing power, or even for calling on the Department of Property and Supplies to purchase Ivory soap for the institution, that the supply contracts do not include that soap by name. If the supply contracts make provision for a particular grade of a common article of trade, no officer or board can justify a purchase of an equivalent article simply because the one article was not specifically named in the supply contracts, nor should the Department of Property and Supplies make a special purchase of such articles for them.

If abuses such as the one here called to our attention are prevalent, then the Department of Property and Supplies should impose greater restrictions on the use of the emergency purchasing power so that the practice shall conform with the intent of the legislature. It is essential that State institutions be in a position to make emergency purchases, but the Department of Property and Supplies should endeavor to see that such abuses as the present one are not repeated.

Therefore, we advise you that the requisition in the sum of $20 for the purchase of Ivory soap above mentioned may be paid, since it comes within the letter of the law and the letter of the permission granted by the Department of Property and Supplies for emergency purchases.

From C. P. Addams, Harrisburg, Pa.